C..GINAL

FILED

'07 DEC 17 PM 4:22

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____

DEPUTY

1  Jonathan G. Fetterly (State Bar No. 228612)
   HOLME ROBERTS & OWEN LLP
2  777 South Figueroa Street, Suite 2800
   Los Angeles, CA 90017-5826
3  Telephone:    (213) 572-4300
   Facsimile:    (213) 572-4400
4  E-mail: jon.fetterly@hro.com
   Attorney for Plaintiffs
5  ARISTA RECORDS LLC; ATLANTIC RECORDING
   CORPORATION; BMG MUSIC; CAPITOL
6  RECORDS, INC.; ELEKTRA ENTERTAINMENT
   GROUP INC.; FONOVISA, INC.; INTERSCOPE
7  RECORDS; LAFACE RECORDS LLC; MAVERICK
   RECORDING COMPANY; MOTOWN RECORD
8  COMPANY, L.P.; PRIORITY RECORDS LLC;
   SONY BMG MUSIC ENTERTAINMENT; UMG
9  RECORDINGS, INC.; VIRGIN RECORDS
   AMERICA, INC.; WARNER BROS. RECORDS INC.;
10 and ZOMBA RECORDING LLC

11                  UNITED STATES DISTRICT COURT
12                  SOUTHERN DISTRICT OF CALIFORNIA

13 | ARISTA RECORDS LLC, a Delaware limited | Case No. **07 CV 2357** LAB POR
14 | liability company; ATLANTIC RECORDING |
   | CORPORATION, a Delaware corporation; BMG |
15 | MUSIC, a New York general partnership; CAPITOL | **MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**
16 | RECORDS, INC., a Delaware corporation; |
   | ELEKTRA ENTERTAINMENT GROUP INC., a |
17 | Delaware corporation; FONOVISA, INC., a |
   | California corporation; INTERSCOPE RECORDS, a |
18 | California general partnership; LAFACE RECORDS |
   | LLC, a Delaware limited liability company; |
19 | MAVERICK RECORDING COMPANY, a California |
20 | joint venture; MOTOWN RECORD COMPANY, |
   | L.P., a California limited partnership; PRIORITY |
21 | RECORDS LLC, a California limited liability |
   | company; SONY BMG MUSIC ENTERTAINMENT, |
22 | a Delaware general partnership; UMG |
23 | RECORDINGS, INC., a Delaware corporation; |
   | VIRGIN RECORDS AMERICA, INC., a California |
24 | corporation; WARNER BROS. RECORDS INC., a |
   | Delaware corporation; and ZOMBA RECORDING |
25 | LLC, a Delaware limited liability company, |
26 |                              Plaintiffs, |
   |              v. |
27 | DOES 1 - 43, |
   |                              Defendants. |
28 |

## I.    INTRODUCTION

Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identities of Doe Defendants, who are being sued for direct copyright infringement.  Without such discovery, Plaintiffs cannot identify the Doe Defendants, and thus cannot pursue their lawsuit to protect their copyrighted works from repetitive, rampant infringement.[1]

As alleged in the complaint, the Doe Defendants, without authorization, used an online media distribution system (*e.g.*, a peer-to-peer or "P2P" system) to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public.  See Declaration of Carlos Linares ("Linares Decl."), ¶ 18 (attached hereto as Exhibit A).  Although Plaintiffs do not know the true names of the Doe Defendants,[2] Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and at the time of that Defendant's infringing activity.  Id.  Additionally, Plaintiffs have gathered evidence of the infringing activities.  Id. ¶¶ 14-15, 19. Plaintiffs have downloaded a sample of several of the sound recordings each Defendant illegally distributed and have evidence of every file (at times numbering in the thousands) that each Defendant illegally distributed to the public.  Id.

Plaintiffs have identified the ISP that provided Internet access to each Defendant by using a publicly available database to trace the IP address for each Defendant.  Id. ¶¶ 12, 18.  Here, the ISP is SBC Internet Services, Inc. ("SBC").  Id.  When given a Defendant's IP address and the date and time of infringement, an ISP quickly and easily can identify the name and address of the Doe Defendant (*i.e.,* the ISP's subscriber) because that information is contained in the ISP's subscriber

---

[1] Because Plaintiffs do not currently know the identity of any of the Defendants, Plaintiffs cannot ascertain any of the Defendants' positions on this *Ex Parte* Application.

[2] When using a P2P system (*e.g.*, Ares, eDonkey, Gnutella, BitTorrent, or DirectConnect), Defendants typically use monikers, or user names, and not their true names. Linares Decl., ¶ 10. Plaintiffs have no ability to determine a Defendant's true name other than by seeking the information from the ISP. Id. ¶¶ 10, 16.

MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE*
APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

1  activity log files. Id. ¶ 16.[3]  Plaintiffs' experience is that ISPs typically keep log files of subscriber

2  activities for only limited periods of time – which can range from as short as a few days, to a few

3  months – before erasing the data. Id. ¶ 24.  Plaintiffs alert the ISP to the existence of the copyright

4  claims shortly after identifying the infringing activity and ask the ISP to maintain the log files.

5    Plaintiffs now seek leave of the Court to serve limited, immediate discovery on SBC to

6  identify each Defendant.  Plaintiffs intend to serve a Rule 45 subpoena on SBC seeking documents

7  that identify each Defendant's true name, current (and permanent) addresses and telephone numbers,

8  e-mail addresses, and Media Access Control ("MAC") addresses.  Once Plaintiffs learn a

9  Defendant's identifying information, Plaintiffs will attempt to contact that Defendant and attempt to

10  resolve the dispute.  If the dispute is not resolved and it is determined that it would be more

11  appropriate to litigate the copyright infringement claims in another jurisdiction, Plaintiffs will

12  dismiss that Defendant from the present lawsuit and re-file in the appropriate jurisdiction.  Without

13  the ability to obtain the Doe Defendants' identifying information, however, Plaintiffs may never be

14  able to pursue their lawsuit to protect their copyrighted works from repeated infringement. Id. ¶ 24.

15  Moreover, the infringement may be ongoing such that immediate relief is necessary.  Thus, the need

16  for the limited, immediate discovery sought in this *Ex Parte* Application is critical.

17  **II.   BACKGROUND**

18    The Internet and P2P networks have spawned an illegal trade in copyrighted works.  See

19  MGM Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 923 (U.S. 2005).  By downloading P2P software,

20  and logging onto a P2P network, an individual can upload (distribute) or download (copy), without

21  authorization, countless copyrighted music and video files to or from any other P2P network user

22  worldwide. See id. at 920 (detailing the process used by infringers to download copyrighted works);

23  A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001) (stating that infringers use

24

25    [3] ISPs own or are assigned certain blocks or ranges of IP addresses.  A subscriber gains

26  access to the Internet through an ISP after setting up an account with the ISP.  An ISP then assigns a

   particular IP address in its block or range to the subscriber when that subscriber goes "online."  After

27  reviewing the subscriber activity logs (which contain the assigned IP addresses), an ISP can identify

28  its subscribers by name.  Linares Decl., ¶ 16.

1    P2P networks to copy and distribute copyrighted works); Universal City Studios, Inc. v. Reimerdes,

2    111 F. Supp. 2d 294, 331 (S.D.N.Y.), aff'd sub nom., Universal City Studios, Inc. v. Corley, 273

3    F.3d 429 (2d Cir. 2001) (describing a viral system, in which the number of infringing copies made

4    available multiplies rapidly as each user copying a file also becomes a distributor of that file).  Until

5    enjoined, Napster was the most notorious online media distribution system.  Grokster, 545 U.S. at

6    924.  Notwithstanding the Napster Court's decision, similar online media distribution systems

7    emerged that have attempted to capitalize on the growing illegal market that Napster fostered.  These

8    include Ares, KaZaA, eDonkey, BitTorrent, DirectConnect, and Gnutella, among others.  Linares

9    Decl., ¶ 6.  Despite the continued availability of such systems, there is no dispute that the uploading

10   and downloading of copyrighted works without authorization is copyright infringement.  Napster,

11   239 F.3d at 1014-15; In re Aimster Copyright Litig., 334 F.3d 643 (7th Cir. 2003), cert. denied, 124

12   S. Ct. 1069 (2004).  Nonetheless, at any given moment, millions of people illegally use online media

13   distribution systems to upload or download copyrighted material.  Linares Decl., ¶ 6.  More than 2.6

14   billion infringing music files are downloaded monthly.  L. Grossman, It's All Free, Time, May 5,

15   2003, at 60-69.

16          The propagation of illegal digital copies over the Internet significantly harms copyright

17   owners, and has had a particularly devastating impact on the music industry.  Linares Decl., ¶ 9.  The

18   RIAA member companies lose significant revenues on an annual basis due to the millions of

19   unauthorized downloads and uploads of well-known recordings that are distributed on P2P networks.

20   Id. ¶ 9.  Evidence shows that the main reason for the precipitous drop in revenues is that individuals

21   are downloading music illegally for free, rather than buying it.  See In re Aimster Copyright Litig.,

22   334 F.3d at 645.

23   **III.   ARGUMENT**

24          Courts, including this circuit, routinely allow discovery to identify "Doe" defendants.  See

25   Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants

26   given possibility that identity could be ascertained through discovery); Valentin v. Dinkins, 121 F.3d

27   72, 75-76 (2d Cir. 1997) (vacating dismissal; pro se plaintiff should have been permitted to conduct

28   discovery to reveal identity of the defendant); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992)

1  (error to deny the plaintiff's motion to join John Doe defendant where identity of John Doe could

2  have been determined through discovery); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (error

3  to dismiss claim merely because the defendant was unnamed; "Rather than dismissing the claim, the

4  court should have ordered disclosure of the Officer Doe's identity"); Maclin v. Paulson, 627 F.2d 83,

5  87 (7th Cir. 1980) (where "party is ignorant of defendants' true identity . . . plaintiff should have

6  been permitted to obtain their identity through limited discovery").

7       Indeed, in similar copyright infringement cases brought by Plaintiffs, and/or other record

8  companies, against Doe defendants for infringing copyrights over P2P networks, many courts,

9  including this Court, have granted Plaintiffs' motions for leave to take expedited discovery. See,

10  e.g., Order, Sony BMG Music Ent't v. Does 1-16, No. 07-cv-00581-BTM-AJB (S.D. Cal. Apr. 19,

11  2007); Order, Arista Records LLC v. Does 1-16, No. 07-1641 LKK EFB (E.D.Cal. Aug. 23, 2007);

12  Order, UMG Recordings, Inc. v. Does 1-2, No. CV04-0960 (RSL) (W.D. Wash. May 14, 2004);

13  Order, Loud Records, LLC v. Does 1-5, No. CV-04-0134-RHW (E.D. Wash. May 10, 2004); Order,

14  Maverick Recording Co. v. Does 1-4, No. C-04-1135 MMC (N.D. Cal. Apr. 28, 2004); Order,

15  London-Sire Records, Inc. v. Does 1-4, No. CV 04-1962 ABC (AJWx) (C.D. Cal. Apr. 2, 2004);

16  Order, Interscope Records. v. Does 1-4, No. CV-04-131 TUC-JM (D. Ariz. Mar. 25, 2004) (true and

17  correct copies of these Orders are attached hereto as Exhibit B). This Court should not depart from

18  its well-reasoned decisions, or the well-reasoned decisions of other courts that have addressed this

19  issue directly.

20       Courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference

21  where the party establishes "good cause" for such discovery. See UMG Recordings, Inc., 2006 U.S.

22  DIST. LEXIS 32821 (N.D. Cal. Mar. 6, 2000); Qwest Comm. Int'l, Inc. v. WorldQuest Networks,

23  Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Entertainment Tech. Corp. v. Walt Disney Imagineering,

24  No. Civ. A. 03-3546, 2003 WL 22519440, at *4 (E.D. Pa. Oct. 2, 2003) (applying a reasonableness

25  standard); Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002);

26  Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613-14 (D. Ariz. 2001)

27  (applying a good cause standard). Plaintiffs easily have met this standard.

28

MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE*
APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

First, good cause exists where, as here, the complaint alleges claims of infringement.  See Qwest Comm., 213 F.R.D. at 419 ("The good cause standard may be satisfied . . . where the moving party has asserted claims of infringement and unfair competition."); Semitool, 208 F.R.D. at 276; Benham Jewelry Corp. v. Aron Basha Corp., No. 97 CIV 3841, 1997 WL 639037, at *20 (S.D.N.Y. Oct. 14, 1997).  This is not surprising, since such claims necessarily involve irreparable harm to the plaintiff.  4 Melville B. Nimmer & David Nimmer, Nimmer On Copyright § 14.06[A], at 14-103 (2003); see also Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1034, 1042 (8th Cir. 2003); Health Ins. Ass'n of Am. v. Novelli, 211 F. Supp. 2d 23, 28 (D.D.C. 2002) ("A copyright holder [is] presumed to suffer irreparable harm as a matter of law when his right to the exclusive use of copyrighted material is invaded.") (quotations and citations omitted); ABKCO Music, Inc. v. Stellar Records, Inc., 96 F.3d 60, 66 (2d Cir. 1996).

Second, good cause exists here because there is very real danger the ISP will not long preserve the information that Plaintiffs seek.  As discussed above, ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data.  Linares Decl., ¶ 24.  If that information is erased, Plaintiffs will have *no* ability to identify Defendants, and thus will be unable to pursue their lawsuit to protect their copyrighted works.  Id.  Where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for expedited discovery exists.  See Qwest Comm., 213 F.R.D. at 419; Pod-Ners, LLC v. Northern Feed & Bean, 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing the plaintiff expedited discovery to inspect "beans" in the defendant's possession because the beans might no longer be available for inspection if discovery proceeded in the normal course).

Third, good cause exists because the narrowly tailored discovery requests do not exceed the minimum information required to advance this lawsuit and will not prejudice Defendants.  See Semitool, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").  Plaintiffs seek immediate discovery to identify Defendants; information that may be erased very soon.  Plaintiffs (who continue to be harmed by Defendants' copyright infringement, Linares Decl., ¶

MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

9), cannot wait until after the Rule 26(f) conference (ordinarily a prerequisite before propounding discovery) because there are no known defendants with whom to confer (and thus, no conference is possible). There is no prejudice to Defendants because Plaintiffs merely seek information to identify Defendants and to serve them, and Plaintiffs agree to use the information disclosed pursuant to their subpoenas only for the purpose of protecting their rights under the copyright laws.

Fourth, courts regularly grant expedited discovery where such discovery will "substantially contribute to moving th[e] case forward." Semitool, 208 F.R.D. at 277. Here, the present lawsuit cannot proceed without the limited, immediate discovery Plaintiffs seek because there is no other information Plaintiffs can obtain about Defendants without discovery from the ISP. As shown by the Declaration of Carlos Linares, Plaintiffs already have developed a substantial case on the merits against each infringer. Plaintiffs' complaint alleges a *prima facie* claim for direct copyright infringement. Plaintiffs have alleged that they own and have registered the copyrights in the works at issue, and that Defendants copied or distributed those copyrighted works without Plaintiffs' authorization. See Complaint. These allegations state a claim of copyright infringement. Nimmer On Copyright § 31.01, at 31-3 to 31-7; Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). In addition, Plaintiffs have copies of a sample of several of the sound recordings that each Defendant illegally distributed to the public and have evidence of every file that each Defendant illegally distributed to the public. See Complaint Ex. A; Linares Decl., ¶¶ 18-19. These more complete lists often show thousands of files, many of them sound recordings (MP3 files) that are owned by, or exclusively licensed to, Plaintiffs. See Linares Decl., ¶ 19. Plaintiffs believe that virtually all of the sound recordings have been downloaded and/or distributed to the public without permission or consent of the respective copyright holders. Id. Absent limited, immediate discovery, Plaintiffs will be unable to obtain redress for any of this infringement.

Finally, Plaintiffs request that the Court's Order make clear that SBC's response to the subpoena is consistent with its obligations under the Cable Communications Policy Act (the "Cable Act"). See 47 U.S.C. § 551(c). The Cable Act generally prohibits disclosure of personally identifiable subscriber information possessed by cable television companies. The purpose of this provision was to ensure some level of privacy as to the cable television shows subscribers had

1  ordered or were watching.  It is not a shield to protect a user's wrongdoing and, indeed, the Cable

2  Act *expressly* provides that information can be disclosed pursuant to court order.  While Plaintiffs do

3  not believe the Cable Act was contemplated to apply to cable Internet providers,[4] cable ISPs have

4  expressed concern about their obligations under the Cable Act, and some have taken the position that

5  a court order is required before they will disclose subscriber information.  Hence, Plaintiffs seek an

6  appropriate order explicitly authorizing SBC to comply with the subpoena.

7        In general, where federal privacy statutes authorize disclosure pursuant to a court order,

8  courts have held that a plaintiff must make no more than a showing of relevance under the traditional

9  standards of Rule 26.  See Laxalt v. McClatchy, 809 F.2d 885, 888 (D.C. Cir 1987) (the court found

10  "no basis for inferring that the statute replaces the usual discovery standards of the FRCP . . . with a

11  different and higher standard"); accord Lynn v. Radford, No. 99-71007, 2001 WL 514360, at *3

12  (E.D. Mich. Mar. 16, 2001); Gary v. United States, No. 98-6964, 1998 WL 834853, at *4 (E.D.

13  Tenn. Sept. 4, 1998); see also In re Gren, 633 F.2d 825, 828 n.3 (9th Cir. 1980) ("court order"

14  provision of Fair Credit Reporting Act requires only "good faith showing that the consumer records

15  sought are relevant") (internal quotation omitted).  Plaintiffs clearly have met that standard here, as

16  the identity of Defendants is essential to Plaintiffs' continued prosecution of this action.

17        If the Court grants this *Ex Parte* Application, Plaintiffs will serve a subpoena on SBC

18  requesting documents that identify the true names and other information about Defendants within 15

19  business days.  SBC then will be able to notify its subscribers that this information is being sought,

20  and each Defendant will be able to raise any objections before this Court in the form of a motion to

21  quash prior to the return date of the subpoena.  Thus, to the extent that any Defendant wishes to

22  object, he or she will be able to do so.

23  / / /

24  / / /

25  / / /

26

27      [4] Plaintiffs do not concede that this provision applies to SBC Internet Services, Inc., but

28  believe that a properly framed court order will make resolution of that issue unnecessary.

7

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant the *Ex Parte* Application and enter an Order substantially in the form of the attached Proposed Order.

Dated:   December 14, 2007

JONATHAN G. FETTERLY
HOLME ROBERTS & OWEN LLP

By:   _____
Jonathan G. Fetterly
Attorney for Plaintiffs
ARISTA RECORDS LLC; ATLANTIC
RECORDING CORPORATION; BMG MUSIC;
CAPITOL RECORDS, INC.; ELEKTRA
ENTERTAINMENT GROUP INC.; FONOVISA,
INC.; INTERSCOPE RECORDS; LAFACE
RECORDS LLC; MAVERICK RECORDING
COMPANY; MOTOWN RECORD COMPANY,
L.P.; PRIORITY RECORDS LLC; SONY BMG
MUSIC ENTERTAINMENT; UMG
RECORDINGS, INC.; VIRGIN RECORDS
AMERICA, INC.; WARNER BROS. RECORDS
INC.; and ZOMBA RECORDING LLC

EXHIBIT A

1  Jonathan G. Fetterly (State Bar No. 228612)
   HOLME ROBERTS & OWEN LLP
2  777 South Figueroa Street, Suite 2800
   Los Angeles, CA  90017-5826
3  Telephone:    (213) 572-4300
   Facsimile:    (213) 572-4400
4  E-mail: jon.fetterly@hro.com

5  Attorney for Plaintiffs
   ARISTA RECORDS LLC; ATLANTIC
6  RECORDING CORPORATION; BMG MUSIC;
   CAPITOL RECORDS, INC.; ELEKTRA
7  ENTERTAINMENT GROUP INC.; FONOVISA,
   INC.; INTERSCOPE RECORDS; LAFACE
8  RECORDS LLC; MAVERICK RECORDING
   COMPANY; MOTOWN RECORD COMPANY,
9  L.P.; PRIORITY RECORDS LLC; SONY BMG
   MUSIC ENTERTAINMENT; UMG
10 RECORDINGS, INC.; VIRGIN RECORDS
   AMERICA, INC.; WARNER BROS. RECORDS
11 INC.; and ZOMBA RECORDING LLC

                 UNITED STATES DISTRICT COURT
12             SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13 ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; FONOVISA, INC., a California corporation; INTERSCOPE RECORDS, a California general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; MAVERICK RECORDING COMPANY, a California joint venture; MOTOWN RECORD COMPANY, L.P., a California limited partnership; PRIORITY RECORDS LLC, a California limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company, <br><br>        Plaintiffs, <br><br>   v. <br><br>     DOES 1 - 43,   Defendants. | Case No. _____ <br><br>**DECLARATION OF CARLOS LINARES IN SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY** |

1

2        I, Carlos Linares, have personal knowledge of the facts stated below and, under penalty

3  of perjury, hereby declare:

4        1.    I am Vice President, Anti-Piracy Legal Affairs for the Recording Industry

5  Association of America, Inc. ("RIAA"), where I have been employed for over six years. My office is

6  located at 1025 F Street, N.W., 10th Floor, Washington, DC 20004. I submit this Declaration in

7  support of Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery.

8        2.    As Vice President, Anti-Piracy Legal Affairs, I am responsible for evaluating

9  and contributing to online strategies for the RIAA, including oversight of the investigations into online

10  infringement of copyrighted sound recordings. As such, this Declaration is based on my personal

11  knowledge, and if called upon to do so, I would be prepared to testify as to its truth and accuracy.

12  **The RIAA's Role in Protecting Its Member Recording Industry Companies From Copyright**

13                             **Infringement**

14        3.    The RIAA is a not-for-profit trade association whose member record companies

15  create, manufacture, and/or distribute approximately ninety percent of all legitimate sound recordings

16  produced and sold in the United States. The RIAA's member record companies comprise the most

17  vibrant national music industry in the world. A critical part of the RIAA's mission is to assist its

18  member companies in protecting their intellectual property in the United States and in fighting against

19  online and other forms of piracy. All of the Plaintiffs in this action are members of the RIAA.

20        4.    As part of that process, the RIAA, on behalf of its members, retains a variety of

21  services from outside vendors to assist with its investigation of the unauthorized reproduction and

22  distribution of copyrighted sound recordings online.

23                     **The Internet and Music Piracy**

24        5.    The Internet is a vast collection of interconnected computers and computer

25  networks that communicate with each other. It allows hundreds of millions of people around the world

26  to communicate freely and easily and to exchange ideas and information, including academic research,

27  literary works, financial data, music, movies, graphics, and an unending and ever-changing array of

28

other data.  Unfortunately, the Internet also has afforded opportunities for the wide-scale piracy of copyrighted sound recordings and musical compositions.  Once a sound recording has been transformed into an unsecured digital format, it can be copied further and distributed an unlimited number of times over the Internet, without significant degradation in sound quality.

6.     Much of the unlawful distribution of copyrighted sound recordings over the Internet occurs via "peer-to-peer" ("P2P") file copying networks or so-called online media distribution systems.  The most notorious example of such a system was Napster, which was enjoined by a federal court.  Notwithstanding the court's decision enjoining Napster, similar online media distribution systems emerged and attempted to capitalize on the growing illegal market that Napster fostered.  These include KaZaA, eDonkey, iMesh, Ares, BitTorrent, DirectConnect, and Gnutella, among others.  To this day, some P2P networks continue to operate and to facilitate widespread copyright piracy.  At any given moment, millions of people illegally use online media distribution systems to upload or download copyrighted material.

7.     P2P networks, at least in their most popular form, refer to computer systems or processes that enable Internet users to:  (1) make files (including audio recordings) stored on a computer available for copying by other users; (2) search for files stored on other users' computers; and (3) transfer exact copies of files from one computer to another via the Internet.  P2P networks enable users who otherwise would have no connection with, or knowledge of, each other to offer to each other for distribution and copying files off of their personal computers, to provide a sophisticated search mechanism by which users can locate these files for downloading, and to provide a means of effecting downloads.

8.     The major record companies generally have not authorized their copyrighted sound recordings to be copied or distributed in unsecured formats by means of P2P networks.  Thus, the vast majority of the content that is copied and distributed on P2P networks is unauthorized by the copyright owner – that is, the distribution violates the copyright laws.

9.     The scope of online piracy of copyrighted works cannot be underestimated.  The RIAA member companies lose significant revenues on an annual basis due to the millions of

1    unauthorized downloads and uploads of well-known recordings that are distributed on P2P networks

2    by infringers who, in virtually all cases, have the ability to maintain their anonymity to all but the

3    Internet Service Provider ("ISP") they use to supply them with access to the Internet.

4               10.      The persons who commit infringements by using the P2P networks are, by and

5    large, anonymous to Plaintiffs. A person who logs on to a P2P network is free to use any alias (or

6    computer name) whatsoever, without revealing his or her true identity to other users. Thus, Plaintiffs

7    can observe the infringement occurring on the Internet, but do not know the true names or mailing

8    addresses of those individuals who are committing the infringement.

9                  **The RIAA's Identification of Copyright Infringers**

10             11.      In order to assist its members in combating copyright piracy, the RIAA retained

11    a third-party investigator, MediaSentry, Inc., to conduct searches of the Internet, as well as file-

12    copying services, for infringing copies of sound recordings whose copyrights are owned by RIAA

13    members. A search can be as simple as logging onto a P2P network and examining what files are

14    being offered by others logged onto the network. In gathering evidence of copyright infringement,

15    MediaSentry uses the same functionalities that are built into P2P programs that any user of the

16    software can use on the network.

17             12.      Users of P2P networks who distribute files over a network can be identified by

18    using Internet Protocol ("IP") addresses because the unique IP address of the computer offering the

19    files for distribution can be captured by another user during a search or a file transfer. Users of P2P

20    networks can be identified by their IP addresses because each computer or network device (such as a

21    router) that connects to a P2P network must have a unique IP address within the Internet to deliver files

22    from one computer or network device to another. Two computers cannot effectively function if they

23    are connected to the Internet with the same IP address at the same time. This is analogous to the

24    telephone system where each location has a unique number. For example, in a particular home, there

25    may be three or four different telephones, but only one call can be placed at a time to or from that

26    home. Each computer or network device is connected to a network that is administered by an

27    organization like a business, ISP, college, or university. Each network, in turn, is analogous to an area

28

1   code.  The network provider maintains a log of IP address allocations.  An IP address can be associated

2   with an organization such as an ISP, business, college, or university, and that organization can identify

3   the P2P network user associated with the specified IP address.

4           13.     MediaSentry finds individuals using P2P networks to share music files over the

5   Internet.  Just as any other user on the same P2P networks as these individuals would be able to do,

6   MediaSentry is able to detect the infringement of copyrighted works and identify the users' IP

7   addresses because the P2P software being used by those individuals has file-sharing features enabled.

8           14.     For each suspected infringer, MediaSentry downloads a number of the music

9   files that the individual is offering to other users on the P2P network.  Those music files for each such

10  individual are listed in Exhibit A to the Complaint.  MediaSentry assigns an identification number to

11  each individual for which it detects copyright infringement and gathers additional evidence for each

12  individual, such as metadata accompanying each file being disseminated that demonstrates that the

13  user is engaged in copyright infringement.  That evidence includes download data files that show for

14  each music file the source IP address, user logs that include a complete listing of all files in the

15  individual's share folder at the time, and additional data that track the movement of the files through

16  the Internet.

17          15.     After MediaSentry collects the evidence of infringement, the RIAA engages in a

18  painstaking process to verify whether each individual was infringing.  That process relies on human

19  review of evidence supporting the allegation of infringement.  For each suspected infringer, the RIAA

20  reviews a listing of the music files that the user has offered for download by others from his or her

21  computer in order to determine whether they appear to be copyrighted sound recordings.  The RIAA

22  also listens to the downloaded music files from these users in order to confirm that they are, indeed,

23  illegal copies of sound recordings whose copyrights are owned by RIAA members.  Exhibit A to the

24  Complaint lists the details of these downloaded music files.  In my role as Vice President, Anti-Piracy,

25  I provide oversight over the review of the lists contained in Exhibit A to the Complaint and hereby

26  attest to the veracity of those lists.  The RIAA also reviews the other evidence collected by

27  MediaSentry.

28

**The Subpoena Process to Identify Copyright Infringers**

16.     The RIAA frequently has used the subpoena processes of Federal Rule of Civil Procedure 45 and the Digital Millennium Copyright Act ("DMCA") to obtain the names of infringers from ISPs.  The RIAA typically has included in their subpoenas to ISPs an IP address and a date and time on which the RIAA, through its agent, MediaSentry, observed use of the IP address in connection with allegedly infringing activity.  In some instances, providing the IP address alone to the ISP has been enough to enable the ISP to identify the infringer.  Providing the date and time further assists some ISPs in identifying infringers, especially ISPs that use "dynamic IP addressing" such that a single computer may be assigned different IP addresses at different times, including, for example, each time it logs into the Internet.[1]  Once provided with the IP address, plus the date and time of the infringing activity, the infringer's ISP quickly and easily can identify the computer from which the infringement occurred (and the name and address of the subscriber that controls that computer), sometimes within a matter of minutes.

17.     Since 1998, the RIAA and others have used subpoenas thousands of times to learn the names, addresses, telephone numbers, and e-mail addresses of infringers for the purpose of bringing legal actions against those infringers.  During a recent litigation with Verizon (an ISP) relating to the DMCA subpoena process, Verizon conceded that, as an alternative to the DMCA process, Plaintiffs could file "Doe" lawsuits and issue Rule 45 subpoenas to ISPs to obtain the true identities of infringing subscribers.

**The RIAA's Identification of the Infringers in This Case**

18.     In the ordinary course of investigating online copyright infringement, the RIAA became aware that Defendants were offering files for download on various P2P networks.  The user-defined author and title of the files offered for download by each Defendant suggested that many were copyrighted sound recordings being disseminated without the authorization of the copyright owners.  The RIAA downloaded and listened to a representative sample of the music files being offered for

---

[1] ISPs own or are assigned certain blocks or ranges of IP addresses.  An ISP assigns a particular IP address in its block or range to a subscriber when that subscriber goes "online."

1  download by each Defendant and was able to confirm that the files each Defendant was offering for

2  distribution were illegal copies of sound recordings whose copyrights are owned by RIAA members.

3  The RIAA also recorded the time and date at which the infringing activity was observed and the IP

4  address assigned to each Defendant at the time.  See Complaint Exhibit A.  The RIAA could not,

5  however, determine the physical location of the users or their identities.  The RIAA could determine

6  that Defendants were all using SBC Internet Services, Inc. internet service to distribute and make

7  available for distribution the copyrighted files.

8         19.    The RIAA also has collected for each Defendant a list of the files each

9  Defendant has made available for distribution to the public.  These lists often show thousands of files,

10  many of which are sound recording (MP3) files that are owned by, or exclusively licensed to,

11  Plaintiffs.  Because of the voluminous nature of the lists, and in an effort not to overburden the Court

12  with paper, I have not attached to this Declaration those lists.  Such lists will be made available to the

13  Court upon request.  Exhibit A to the Complaint includes the username of the infringer if that was

14  available, the identification number assigned by MediaSentry for that Defendant, and the number of

15  audio files that were being shared by Defendant at the time that the RIAA's agent, MediaSentry,

16  observed the infringing activity.

17         **The Importance of Expedited Discovery in This Case**

18         20.    Obtaining the identity of copyright infringers on an expedited basis is critical to

19  stopping the piracy of the RIAA members' copyrighted works.

20         21.    First, every day that copyrighted material is disseminated without the

21  authorization of the copyright owner, the copyright owner is economically harmed.   Prompt

22  identification of infringers is necessary in order for copyright owners to take quick action to stop

23  unlawful dissemination of their works and minimize their economic losses.

24         22.    Second, infringement often occurs with respect to sound recordings that have

25  not yet been distributed publicly.  Such infringement inflicts great harm on the initial market for new

26  works.  New recordings generally earn a significant portion of their revenue when they are first

27

28

1    released, and copyright piracy during a recording's pre-release or early release period therefore

2    deprives copyright owners of an important opportunity to reap the benefits of their labor.

3          23.    Third, without expedited discovery, Plaintiffs have no way of serving

4    Defendants with the complaint and summons in this case.  Plaintiffs do not have Defendants' names or

5    addresses, nor do they have an e-mail address for Defendants.

6          24.    Fourth, and perhaps most critically, ISPs have different policies pertaining to the

7    length of time they preserve "logs" which identify their users.  ISPs keep log files of their user

8    activities for only limited periods of time – which can range from as short as a few days, to a few

9    months – before erasing the data they contain.  If an ISP does not respond expeditiously to a discovery

10   request, the identification information in the ISP's logs may be erased, making it impossible for the

11   ISP to determine the identity of the infringer and eliminating the copyright owner's ability to take

12   action to stop the infringement.

13                    **[*Remainder of page intentionally left blank.*]**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          I declare under penalty of perjury under the laws of the United States that the foregoing

2     is true and correct.

3          Executed on *December 10*, 2007 in Washington, D.C.

4

5                                                    _____

6                                                    Carlos Linares

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

Case 3:07-cv-01703-H-JMA   Document 5   Filed 09/14/2007   Page 1 of 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; FONOVISA, INC., a California corporation; INTERSCOPE RECORDS, a California general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; LAVA RECORDS LLC, a Delaware limited liability company; MAVERICK RECORDING COMPANY, a California joint venture; MOTOWN RECORD COMPANY, L.P., a California limited partnership; PRIORITY RECORDS LLC, a California limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>                    Plaintiffs,<br><br>        v.<br><br>DOES 1 – 30<br>                    Defendants. | Case No. 07-CV-01703-H-JMA<br><br>**ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**<br><br>[Doc. Nos. 3, 4] |

1

#6832 v1

1       Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, the

2  Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is hereby:

3       ORDERED that Plaintiffs may serve immediate discovery on SBC Internet Services, Inc. to

4  obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks documents that

5  identify each Doe Defendant, including the name, current (and permanent) addresses and telephone

6  numbers, e-mail addresses, and Media Access Control addresses for each Defendant.

7       IT IS FURTHER ORDER THAT any information disclosed to Plaintiffs in response to the

8  Rule 45 subpoena may be used by Plaintiffs solely for the propose of protecting Plaintiffs' rights

9  under the Copyright Act.

10  Dated: September 14, 2007

Jan M. Adler
U.S. Magistrate Judge

Order Granting Plaintiffs' Ex Parte Application for Leave to Take Immediate Discovery
Case No. 07-CV-01703-H-JMA

#6832 v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; FONOVISA, INC., a California corporation; LAFACE RECORDS LLC, a Delaware limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; PRIORITY RECORDS LLC, a California limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; ZOMBA RECORDING LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; and LAVA RECORDS LLC, a Delaware limited liability company, | Case No. 07-CV-1396-WQH (JMA)  **ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY** |

        Plaintiff,

   v.

DOES 1 - 14,

        Defendants.

Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, the Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on SBC Internet Services, Inc. to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks documents that identify each Doe Defendant, including the name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control addresses for each Defendant. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

**IT IS SO ORDERED.**

Dated: August 6, 2007

Jan M. Adler
United States Magistrate Judge

1

FILED

07 JUL 25 AM 10: 23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 | LAVA RECORDS LLC, a Delaware limited |
| 12 | liability company; WARNER BROS. RECORDS |
| | INC., a Delaware corporation; VIRGIN RECORDS |
| 13 | AMERICA, INC., a California corporation; UMG |
| | RECORDINGS, INC., a Delaware corporation; |
| 14 | SONY BMG MUSIC ENTERTAINMENT, a |

LAVA RECORDS LLC, a Delaware limited
liability company; WARNER BROS. RECORDS
INC., a Delaware corporation; VIRGIN RECORDS
AMERICA, INC., a California corporation; UMG
RECORDINGS, INC., a Delaware corporation;
SONY BMG MUSIC ENTERTAINMENT, a
Delaware general partnership; PRIORITY
RECORDS LLC, a California limited liability
company; MOTOWN RECORD COMPANY, L.P.,
a California limited partnership; ZOMBA
RECORDING LLC, a Delaware limited liability
company; LAFACE RECORDS LLC, a Delaware
limited liability company; INTERSCOPE
RECORDS, a California general partnership;
FONOVISA, INC., a California corporation;
ELEKTRA ENTERTAINMENT GROUP INC., a
Delaware corporation; CAPITOL RECORDS,
INC., a Delaware corporation; BMG MUSIC, a
New York general partnership; ATLANTIC
RECORDING CORPORATION, a Delaware
corporation; and ARISTA RECORDS LLC, a
Delaware limited liability company,

Plaintiff,

v.

DOES 1 - 35,
Defendants.

Case No. '07 CV 1158 W     AJB

ORDER GRANTING
PLAINTIFFS' *EX PARTE*
APPLICATION FOR LEAVE TO
TAKE IMMEDIATE DISCOVERY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, the Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on SBC Internet Services, Inc. to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks documents that identify each Doe Defendant, including the name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control addresses for each Defendant.  The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

DATED:  7/20/07.                          By: _____
                                              United States District Judge

2

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11   LAFACE RECORDS LLC, et al.,       )   Civil No. 07cv0978-DMS (BLM)
                                       )
12                     Plaintiffs,     )
                                       )   **ORDER GRANTING PLAINTIFFS'** *EX*
13   v.                                )   *PARTE* **APPLICATION FOR LEAVE TO**
                                       )   **TAKE IMMEDIATE DISCOVERY**
14   DOES 1-7,                         )
                                       )   **[Doc. No. 3]**
15                     Defendants.     )
                                       )
16   ─────────────────────────────────

17        Upon Plaintiffs' *Ex Parte* Application for Leave to Take

18   Immediate Discovery, the Declaration of Carlos Linares, and the

19   accompanying Memorandum of Law:

20        **IT IS HEREBY ORDERED** that Plaintiffs may serve immediate

21   discovery on SBC Internet Services, Inc. to obtain the identity of

22   each Doe Defendant identified in the Complaint by serving a Rule 45

23   subpoena that seeks documents that identify each Doe Defendant,

24   limited to the name, current (and permanent) addresses and telephone

25   numbers, e-mail address, and Media Access Control addresses for each

26   Defendant.  The disclosure of this information is ordered pursuant

27   to 47 U.S.C. § 551(c)(2)(B).

28   ///

1       **IT IS FURTHER ORDERED** that any information disclosed to

2 Plaintiffs in response to the Rule 45 subpoena may be used by

3 Plaintiffs solely for the purpose of protecting Plaintiffs' rights

4 under the Copyright Act.

5       **IT IS FURTHER ORDERED** that if and when SBC Internet Services,

6 Inc. is served with a subpoena, within five (5) business days

7 thereof, it shall give written notice, which can be by e-mail, to

8 the subscribers whose identities are to be disclosed in response to

9 the subpoena. If SBC Internet Services, Inc. and/or any Defendant

10 wishes to move to quash the subpoena, they must do so before the

11 return date of the subpoena, which shall be at least twenty-five

12 (25) business days from the date of service.

13       **IT IS FURTHER ORDERED** that counsel for Plaintiffs shall

14 provide a copy of this order to SBC Internet Services, Inc. when the

15 subpoena is served.

16 DATED: June 1, 2007

17

18                         BARBARA L. MAJOR

                         United States Magistrate Judge

19

20

21 COPY TO:

22 HONORABLE DANA M. SABRAW

   UNITED STATES DISTRICT JUDGE

23

   ALL COUNSEL AND PARTIES

24

25

26

27

28

         07cv0978-DMS (BLM)

**ORIGINAL**

FILED

07 MAY -4 AM 8:40

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'07 CV C700 J       CAB

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; FONOVISA, INC., a California corporation; INTERSCOPE RECORDS, a California general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; and WARNER BROS. RECORDS INC., a Delaware corporation, | Case No. _____ <br><br> [PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY |

        Plaintiff,

v.

DOES 1 - 10,

        Defendants.

1

1    Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, the

2   Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is hereby:

3    ORDERED that Plaintiffs may serve immediate discovery on SBC Internet Services, Inc. to

4   obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks documents that

5   identify each Doe Defendant, including the name, current (and permanent) addresses and telephone

6   numbers, e-mail addresses, and Media Access Control addresses for each Defendant. The disclosure

7   of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

8    IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the

9   Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under

10  the Copyright Act.

11

12  DATED:      5/3/07                          By: _____

13                                                 CATHY ANN BENCIVENGO
                                                   U.S. MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

2007 APR 23  PM 1: 19

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; CAPITOL RECORDS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; PRIORITY RECORDS LLC, a California limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; FONOVISA, INC., a California corporation; MAVERICK RECORDING COMPANY, a California joint venture; MOTOWN RECORD COMPANY, L.P., a California limited partnership; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; BMG MUSIC, a New York general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; and LAFACE RECORDS LLC, a Delaware limited liability company,<br><br>       Plaintiff,<br><br>   v.<br>DOES 1 - 16,<br><br>       Defendants. | Case No. 07CV 0581 BTM     AJB<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY |

1

1        Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, the

2    Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is hereby:

3        ORDERED that Plaintiffs may serve immediate discovery on SBC Internet Services, Inc. to

4    obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks documents that

5    identify each Doe Defendant, including the name, current (and permanent) addresses and telephone

6    numbers, e-mail addresses, and Media Access Control addresses for each Defendant.  The disclosure

7    of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

8        IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the

9    Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under

10   the Copyright Act.

11

12   DATED:  _4-19-07_                                              By: _____

13                                         United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

05 FEB -8 AM 8:29

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                        DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

VIRGIN RECORDS AMERICA, INC., a )  Civil No. 05cv1872 BEN(RBB)
California corporation; SONY    )
BMG MUSIC ENTERTAINMENT, a       )  ORDER GRANTING PLAINTIFFS' EX
Delaware general partnership;    )  PARTE APPLICATION FOR LEAVE TO
ARISTA RECORDS, LLC, a Delaware  )  TAKE IMMEDIATE DISCOVERY [DOC.
limited liability company;       )  NO. 3] AS TO ALL DOE
ELEKTRA ENTERTAINMENT GROUP,     )  DEFENDANTS AND DISCHARGING
INC., a Delaware corporation;    )  ORDER TO SHOW CAUSE WHY
BMG RECORDINGS, INC., a          )  CERTAIN PLAINTIFFS AND
Delaware corporation; WARNER     )  DEFENDANTS SHOULD NOT BE
BROS. RECORDS, INC., a Delaware  )  SEVERED [DOC. NO. 7]
corporation; CAPITOL RECORDS,    )
INC., a Delaware corporation;    )
BMG MUSIC, a New York general    )
partnership; ATLANTIC RECORDING  )
CORPORATION, a Delaware          )
corporation; LONDON-SIRE         )
RECORDS, INC., a Delaware        )
corporation; PRIORITY RECORDS,   )
LLC, a California limited        )
liability company; MAVERICK      )
RECORDING COMPANY, a California  )
joint venture; MOTOWN RECORD     )
COMPANY, LP, a California         )
limited partnership,             )
                                 )
                Plaintiffs,      )
v.                               )
                                 )
DOES 1-8,                        )
                                 )
                Defendants.      )
─────────────────────────────── )

     On September 29, 2005, Plaintiffs Virgin Records America,

Inc., SONY BMG Music Entertainment, Arista Records LLC, Elektra



1                          05cv1872 BEN(RBB)

1   Entertainment Group, Inc., UMG Recordings, Inc., Warner Bros.

2   Records, Inc., Capitol Records, Inc., BMG Music, Atlantic Recording

3   Corporation, London-Sire Records, Inc., Priority Records LLC,

4   Maverick Recording Company, and Motown Record Company, L.P. filed,

5   together with their Complaint for copyright infringement [doc. no.

6   1], an Ex Parte Application for Leave to Take Immediate Discovery

7   [doc. no. 3].  The Ex Parte Application requested permission to

8   serve a subpoena on a third-party internet service provider ("ISP")

9   to determine the true identities of the eight Doe Defendants named

10  in the Complaint.  (Ex Parte Application 2.)  The ISP is the

11  University of California at San Diego ("UCSD").  (Pls.' Mem. in

12  Supp. of Ex Parte Application 3.)  The Court granted the

13  Application in part and denied it in part [doc. no. 8].

14       On October 7, 2005, this Court issued an Order to Show Cause

15  Why Certain Plaintiffs and Defendants Should Not Be Severed and

16  Plaintiffs Directed to File Complaints Joining Claims Against

17  Specific Doe Defendants [doc. no. 7].  Hearings on the Order to

18  Show Cause were held on December 19, 2005, and February 6, 2006.

19       Good cause has been shown for not severing Plaintiffs and

20  Defendants at this time.  Accordingly, it is **ORDERED** that:

21       Plaintiffs may serve immediate discovery on UCSD to obtain the

22  identity of each Doe Defendant by serving a Rule 45 subpoena that

23  seeks information sufficient to identify each Doe Defendant,

24  including the Defendant's name, address, telephone number, e-mail

25  address, and Media Access Control address.

26       Information disclosed to Plaintiffs in response to the Rule 45

27  subpoena may be used solely for the purpose of protecting

28  Plaintiffs' rights under the Copyright Act.

05cv1872 BEN(RBB)

1     If UCSD is served with a subpoena, within **seven (7)** business

2 days thereof, it shall give notice to the subscribers in question

3 of the subpoena.  If UCSD and/or any Defendant wishes to move to

4 quash the subpoena, they shall do so before the return date of the

5 subpoena, which shall be **twenty (20)** business days from the date of

6 service.  UCSD shall preserve any subpoenaed information pending

7 resolution of any timely filed motion to quash.

8     Although the Court is permitting the Plaintiffs to proceed

9 with their requested discovery, the Court continues to have serious

10 reservations regarding whether the eight Defendants and thirteen

11 Plaintiffs were all properly joined in this action.  After

12 Plaintiffs have obtained the requested discovery from UCSD, they

13 **MUST**, within **seventy (70)** days from the entry of this Order, unless

14 time is extended for good cause shown, either:  (1) dismiss all but

15 one Defendant, or (2) demonstrate that all Plaintiffs and

16 Defendants are properly joined under Federal Rule of Civil

17 Procedure 20.

18     Counsel for Plaintiffs shall provide a copy of this Order to

19 UCSD when the subpoena is served.

20     **IT IS SO ORDERED.**

21

22 DATED:  February 7, 2006

                                 Ruben B. Brooks

23                                   United States Magistrate Judge

24

25 cc:  All Parties of Record

         Judge Roger T. Benitez

26

27

28

*ORIGINAL*



FILED
CLERK US DISTRICT COURT

AUG 10 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

LODGED

2007 AUG -9  AM 10: 27
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV07-05173 GAF (SSx)

ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; CAROLINE RECORDS, INC., a New York corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; LAVA RECORDS LLC, a Delaware limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company,

        Plaintiffs,

vs.

DOES 1 - 7,

        Defendants.

Case No.:

**[PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

DOCKETED ON CM

AUG 21 2007

BY _____ 019

1    Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate

2    Discovery, the Declaration of Carlos Linares, and the accompanying Memorandum of

3    Law, it is hereby:

4    ORDERED that Plaintiffs may serve immediate discovery on University of

5    California, Irvine to obtain the identity of each Doe Defendant by serving a Rule 45

6    subpoena that seeks documents that identify each Doe Defendant, including the name,

7    current (and permanent) addresses and telephone numbers, e-mail addresses, and Media

8    Access Control addresses for each Defendant.  The disclosure of this information is

9    ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B).

10    IT IS FURTHER ORDERED THAT any information disclosed to

11    Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the

12    purpose of protecting Plaintiffs' rights under the Copyright Act.

13

14    DATED: _____8/9/07_____        By _____

15                                                           United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

**JUL 13 2007**

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

Priority    ✓
Send        ✓
Enter       ____
Closed      ____
JS-5/JS-6   ____
JS-2/JS-3   ____
Scan Only   ____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ARISTA RECORDS LLC, et al.,

            Plaintiffs,

         v.

DOES 1-2,

            Defendants.

Case No. CV 07-3840 AHM (FMOx)

**ORDER Re: EX PARTE APPLICATION**

Having reviewed plaintiffs' Ex Parte Application For Leave To Take Immediate Discovery, the court finds that good cause exists for allowing plaintiffs to conduct limited discovery in advance of the Rule 26(f) conference. See Fed. R. Civ. P. 26(d) (except by court order or agreement of the parties, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[]"). Accordingly, IT IS ORDERED THAT:

    1.    Subject to the following qualifications, plaintiffs' Ex Parte Application For Leave To Take Immediate Discovery (**Document No. 3**) is granted.

    2.    If University of California, Los Angeles ("UCLA") wishes to file a motion to quash the subpoena or to serve objections, it must do so before the return date of the subpoena, which shall be no less than twenty-one (21) days from the date of service of the subpoena. Among other things, UCLA may use this time to notify the subscribers in question.

DOCKETED ON CM

JUL 13 2007

BY                    174

1      3.     UCLA shall preserve any subpoenaed information or materials pending compliance

2 with the subpoena or resolution of any timely objection or motion to quash.

3      4.     Plaintiffs must serve a copy of this order on UCLA when they serve the subpoena.

4      5.     Any information disclosed to plaintiffs in response to the Rule 45 subpoena must be

5 used by plaintiffs solely for the purpose of protecting plaintiffs' rights under the Copyright Act as

6 set forth in the complaint.

7 Dated this __13__ day of July, 2007.

Fernando M. Olguin
United States Magistrate Judge

2

Received 04/02/2004 04:25PM in 01:28 from 213 894 1815 to  on line [7] for FAX3 * Pg 2/3
04/02/04  FRI 17:22 FAX 213 894 1815        U.S DISTRICT COURT                    ☑002

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

### CIVIL MINUTES - GENERAL

Case No. CV 04-1962 ABC (AJWx)                    Date: April 2, 2004

Title: LONDON-SIRE RECORDS, INC., et. al., v. DOES 1-4

========================================================
PRESENT:

HON. ANDREW J. WISTRICH, MAGISTRATE JUDGE

Ysela Benavides          _____
Deputy Clerk                 Court Reporter


ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
None Present                              None Present


## ORDER REGARDING PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Plaintiffs are thirteen record companies who have filed a lawsuit against four unnamed "doe" defendants for alleged copyright infringement. Plaintiffs filed a motion for leave to take immediate discovery on March 23, 2004. [Notice of Ex Parte Application for Leave to Take Immediate Discovery ("Notice") filed March 23, 2004]. Plaintiffs allege that defendants, using an online peer-to-peer ("P2P") media distribution system, made available for distribution, and in fact distributed, copyrighted songs without license or other authority to do so, thereby infringing plaintiffs' copyrights. [See Memorandum of Law in Support of Ex Parte Application For Leave to Take Immediate Discovery ("Memorandum") filed March 23, 2004, at 2]. Plaintiffs have acquired the Internet Protocol ("IP") addresses assigned to each of the four defendants on the dates and times of the infringing activity. [Memorandum 2]. Using a public database, plaintiffs determined that the subject IP addresses belong to the University of Southern California ("USC"). [Memorandum 2-3]. As an Internet Service Provider ("ISP"), USC maintains a subscriber activity log indicating which of its subscribers were assigned the IP addresses in question on the relevant dates and times. [Memorandum 3]. In plaintiffs' experience, most ISPs maintain subscriber activity logs for only a short period of time before destroying the information contained in the logs. [Memorandum 3]. From the subscriber logs, USC can use the IP addresses and temporal information provided by plaintiffs to identify the true names, street addresses, phone numbers, e-mail addresses, and Media Access Control ("MAC") addresses for each defendant. [Memorandum 3]. Plaintiffs ask this Court to allow immediate issuance of a subpoena directing USC to produce defendants' names and the other personal information described above so that plaintiffs may contact defendants in an attempt to negotiate a resolution to plaintiffs' claims, or failing that, to add defendants as named parties to this litigation.

---

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Generally, parties must meet and confer prior to seeking expedited discovery. See Fed. R. Civ. P. 26(f). That requirement, however, may be dispensed with if good cause is shown. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). Plaintiffs have shown good cause. The true identities of defendants are unknown to plaintiffs, and this litigation cannot proceed without discovery of defendants' true identities. [See Memorandum 7-9].

Subject to the following qualifications, plaintiffs' ex parte application for leave to take immediate discovery is granted.

If USC wishes to file a motion to quash the subpoena or to serve objections, it must do so before the return date of the subpoena, which shall be no less than twenty-one (21) days from the date of service of the subpoena. Among other things, USC may use this time to notify the subscribers in question.

USC shall preserve any subpoenaed information or materials pending compliance with the subpoena or resolution of any timely objection or motion to quash.

Plaintiffs must serve a copy of this order on USC when they serve the subpoena.

Any information disclosed to plaintiffs in response to the Rule 45 subpoena must be used by plaintiffs solely for the purpose of protecting plaintiffs' rights under the Copyright Act as set forth in the complaint.

## IT IS SO ORDERED.

cc:    Parties

MINUTES FORM 11                                              Initials of Deputy Clerk_____
CIVIL-GEN



1  KARIN G. PAGNANELLI (State Bar No. 174763)
   ROHIT U. SHENDRIKAR (State Bar No. 200401)
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  Attorneys for Plaintiffs
   WARNER BROS. RECORDS INC.; ARISTA
6  RECORDS, INC.; UMG RECORDINGS,
   INC.; SONY MUSIC ENTERTAINMENT
7  INC.; BMG MUSIC; PRIORITY RECORDS
   LLC; CAPITOL RECORDS, INC.; and
8  ATLANTIC RECORDING CORP.

9

10                UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12              WESTERN DIVISION CVO4-1960 TJH
                                              PJWx
13 WARNER BROS. RECORDS INC., a      CASE NO.
   Delaware corporation; ARISTA
14 RECORDS, INC., a Delaware         [PROPOSED] ORDER GRANTING
   corporation; UMG RECORDINGS,      PLAINTIFFS' *EX PARTE*
15 INC., a Delaware corporation; SONY APPLICATION FOR LEAVE TO
   MUSIC ENTERTAINMENT INC., a       TAKE IMMEDIATE DISCOVERY
16 Delaware corporation; BMG MUSIC, a
   New York general partnership;
17 PRIORITY RECORDS LLC, a
   California limited liability company;
18 CAPITOL RECORDS, INC., a
   Delaware corporation; and ATLANTIC
19 RECORDING CORPORATION, a
   Delaware corporation,
20
              Plaintiffs,
21
         v.
22
   Does 1 - 4,
23
              Defendants.
24

25       Upon the *Ex Parte* Application of Plaintiffs to take immediate

26 discovery, the declaration of Jonathan Whitehead and the exhibit thereto, the

27

28

Mitchell
Silberberg &
Knupp LLP

1  declaration of Karin G. Pagnanelli, and the accompanying Memorandum of Law, it

2  is hereby:

3          ORDERED that Plaintiffs may serve immediate discovery on Loyola

4  Marymount University to obtain the identity of each Doe Defendant by serving a

5  Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant,

6  including the name, address, telephone number, e-mail address, and Media Access

7  Control addresses for each Defendant.

8          IT IS FURTHER ORDERED THAT any information disclosed to

9  Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for

10  the purpose of protecting Plaintiffs' rights under the Copyright Act.

11

12  Dated: _3/29/04_               _Terry J. Hatter Jr._

13                                 United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2



1  KARIN G. PAGNANELLI (State Bar No. 174763)
   ROHIT U. SHENDRIKAR (State Bar No. 200401)
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  Attorneys for Plaintiffs
   CAPITOL RECORDS, INC.; INTERSCOPE
6  RECORDS; ELEKTRA ENTERTAINMENT
   GROUP INC.; ATLANTIC RECORDING
7  CORP.; MAVERICK RECORDING CO.;
   ARISTA RECORDS, INC.; PRIORITY
8  RECORDS LLC; VIRGIN RECORDS
   AMERICA, INC.; MOTOWN RECORD
9  COMPANY, L.P.; UMG RECORDINGS,
   INC.; and SONY MUSIC ENTERTAINMENT
10 INC.

FILED
CLERK, U.S. DISTRICT COURT
MAR 30 2004
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION ▶ CV04-1961 RGK

15 CAPITOL RECORDS, INC., a Delaware
   corporation; INTERSCOPE RECORDS, a
16 California general partnership; ELEKTRA
   ENTERTAINMENT GROUP INC., a
17 Delaware corporation; ATLANTIC
   RECORDING CORPORATION, a
18 Delaware corporation; MAVERICK
   RECORDING COMPANY, a California
19 joint venture; ARISTA RECORDS, INC., a
   Delaware corporation; PRIORITY
20 RECORDS LLC, a California limited
   liability company; VIRGIN RECORDS
21 AMERICA, INC., a California corporation;
   MOTOWN RECORD COMPANY, L.P., a
22 California limited partnership; UMG
   RECORDINGS, INC., a Delaware
23 corporation; and SONY MUSIC
   ENTERTAINMENT INC., a Delaware
24 corporation,

25          Plaintiffs,

26     v.

27 Does 1 - 2,

28          Defendants.

CASE NO.

[PROPOSED] ORDER
GRANTING PLAINTIFFS' *EX
PARTE* APPLICATION FOR
LEAVE TO TAKE IMMEDIATE
DISCOVERY

DOCKETED ON CM
MAR 31 2004
BY                    002

Mitchell
Silberberg &
Knupp LLP

1    Upon the *Ex Parte* Application of Plaintiffs to take immediate

2    discovery, the declaration of Jonathan Whitehead and the exhibit thereto, the

3    declaration of Karin G. Pagnanelli, and the accompanying Memorandum of Law, it

4    is hereby:

5    ORDERED that Plaintiffs may serve immediate discovery on

6    California State University, Northridge to obtain the identity of each Doe

7    Defendant by serving a Rule 45 subpoena that seeks information sufficient to

8    identify each Doe Defendant, including the name, address, telephone number, e-

9    mail address, and Media Access Control addresses for each Defendant.

10    IT IS FURTHER ORDERED THAT any information disclosed to

11    Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for

12    the purpose of protecting Plaintiffs' rights under the Copyright Act.

13

14    Dated: 3/30/04 _____       _____

15                                        United States District Judge
                                          *MAGISTRATE*

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2

1  JEFFREY G. KNOWLES (State Bar # 129754)
   JULIA D. GREER (State Bar # 200479)
2  ZUZANA J. SVIHRA (State Bar # 208671)
   COBLENTZ, PATCH, DUFFY & BASS, LLP
3  One Ferry Building, Suite 200
   San Francisco, California 94111
4  Telephone: (415) 391-4800
   Facsimile: (415) 989-1663
5
   Attorneys for Plaintiffs
6  MAVERICK RECORDING CO.; WARNER BROS.
   RECORDS INC.; ARISTA RECORDS, INC.; VIRGIN
7  RECORDS AMERICA, INC.; UMG RECORDINGS, INC.;
   INTERSCOPE RECORDS; BMG MUSIC; SONY MUSIC
8  ENTERTAINMENT INC.; ATLANTIC RECORDING
   CORP.; MOTOWN RECORD COMPANY, L.P.; and
9  CAPITOL RECORDS, INC.

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13  MAVERICK RECORDING COMPANY, a          CASE NO. C-04-1135 MMC
    California joint venture; WARNER BROS.
14  RECORDS INC., a Delaware corporation;   [PROPOSED] ORDER GRANTING
    ARISTA RECORDS, INC., a Delaware        PLAINTIFFS' MISCELLANEOUS
15  corporation; VIRGIN RECORDS AMERICA,    ADMINISTRATIVE REQUEST FOR
    INC., a California corporation; UMG      LEAVE TO TAKE IMMEDIATE
16  RECORDINGS, INC., a Delaware            DISCOVERY
    corporation; INTERSCOPE RECORDS, a
17  California general partnership; BMG MUSIC,
    a New York general partnership; SONY
18  MUSIC ENTERTAINMENT INC., a
    Delaware corporation; ATLANTIC
19  RECORDING CORPORATION, a Delaware
    corporation; MOTOWN RECORD
20  COMPANY, L.P., a California limited
    partnership; and CAPITOL RECORDS, INC.,
21  a Delaware corporation,

22              Plaintiffs,

23        vs.

24  DOES 1 - 4,

25              Defendants.

26

27

28

                                            [PROPOSED] ORDER

1    Upon the Miscellaneous Administrative Request of Plaintiffs For Leave To Take

2    Immediate Discovery, the Declaration of Jonathan Whitehead and the exhibit thereto, Plaintiffs'

3    Request for Judicial Notice, and the Declaration of Zuzana J. Svihra, it is hereby:

4    ORDERED that Plaintiffs may serve immediate discovery on the University of

5    California, Berkeley to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena

6    that seeks information sufficient to identify each Doe Defendant, including the name, address,

7    telephone number, e-mail address, and Media Access Control addresses for each Defendant.

8    IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in

9    response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting

10   Plaintiffs' rights under the Copyright Act.

11   Without such discovery, Plaintiffs cannot identify the Doe Defendants, and thus

12   cannot pursue their lawsuit to protect their copyrighted works from infringement.

13

14   Dated: _April 28, 2004_          James Larson U.S. Magistrate Judge

15                                    ~~United States District Judge~~

16

17

18

19

20

21

22

23

24

25

26

27

28

CORLETT, PATCH, DUFFY & BASS, LLP
One Ferry Building, Suite 200, San Francisco, CA 94111-4213
(415) 391-4800 • (415) 989-1663

2                                 Case No. C-04-1135 MMC
[PROPOSED] ORDER

1    Matthew Franklin Jaksa (CA State Bar No. 248072)
     HOLME ROBERTS & OWEN LLP
2    560 Mission Street, 25th Floor
3    San Francisco, CA  94105-2994
     Telephone:  (415) 268-2000
4    Facsimile:   (415) 268-1999
     Email:      matt.jaksa@hro.com
5
6    Attorneys for Plaintiffs,
     ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION;
7    BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA
     ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE
8    RECORDS LLC; MAVERICK RECORDING COMPANY; MOTOWN
     RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY BMG
9    MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN
     RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.
10
11                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF CALIFORNIA
12
     ARISTA RECORDS LLC, a Delaware limited liability    CASE NO. 07-1641 LKK EFB
13   company; ATLANTIC RECORDING
     CORPORATION, a Delaware corporation; BMG           ORDER GRANTING EX PARTE
14   MUSIC, a New York general partnership; CAPITOL     APPLICATION FOR LEAVE TO TAKE
     RECORDS, INC., a Delaware corporation; ELEKTRA     IMMEDIATE DISCOVERY
15   ENTERTAINMENT GROUP INC., a Delaware
     corporation; INTERSCOPE RECORDS, a California
16   general partnership; LAFACE RECORDS LLC, a
     Delaware limited liability company; MAVERICK
17   RECORDING COMPANY, a California joint venture;
     MOTOWN RECORD COMPANY, L.P., a California
18   limited partnership; PRIORITY RECORDS LLC, a
     California limited liability company; SONY BMG
19   MUSIC ENTERTAINMENT, a Delaware general
     partnership; UMG RECORDINGS, INC., a Delaware
20   corporation; VIRGIN RECORDS AMERICA, INC., a
     California corporation; and WARNER BROS.
21   RECORDS INC., a Delaware corporation,
                                Plaintiffs,
22
23           v.
24   DOES 1-16,
25                          Defendants.
26
27
28

     [Proposed] Order Granting Ex Parte Application for Leave to Take Immediate Discovery
     Case No.
     #31640 v1

1    Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery,

2   the Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is hereby

3   ORDERED that Plaintiffs may serve immediate discovery on University of California, Davis to

4   obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks documents that

5   identify each Doe Defendant, including the name, current (and permanent) addresses and telephone

6   numbers, e-mail addresses, and Media Access Control addresses for each Defendant.

7    Although parties must generally meet and confer prior to seeking expedited

8   discovery, that requirement may be dispensed if good cause is shown. *See* Fed. R. Civ. P. 26(d);

9   *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).   Here, the

10   plaintiffs have presented evidence that the subpoena is necessary to identify the defendants, serve

11   them with the complaint and summons, and prosecute their claims of copyright infringement. *See*

12   *Gillespie v. Civletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants

13   will not be known prior to the filing of a complaint . . . . the plaintiff should be given an opportunity

14   through discovery to identify the unknown defendants, unless it is clear that discovery would not

15   uncover the identities, or that the complaint would be dismissed on other grounds.").   Plaintiffs have

16   further averred that records kept by internet service providers ("ISP") such as the University of

17   California, Davis, are regularly destroyed, sometimes on a daily or weekly basis. *See* Linares

18   Declaration, at ¶ 24.  Based on the foregoing, the court finds that plaintiffs have demonstrated good

19   cause for the expedited discovery.

20    The disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B).

21   Consistent with that provision, if and when the University of California, Davis is served with a

22   subpoena, it shall, within five business days, give written notice to the subscribers whose identities

23   are to be disclosed in response to the subpoena.  Such written notice may be achieved by messages

24   sent via electronic mail.  If the University of California, Davis, and/or any defendant wishes to move

25   to quash the subpoena, they shall do so before the return date of the subpoena.

26

27

28

---

1

[Proposed] Order Granting Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#31640 v1

1          IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in

2    response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting

3    Plaintiffs' rights under the Copyright Act.

4

5    Dated:   August 23, 2007.

6                             EDMUND F. BRENNAN

7                             UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

[Proposed] Order Granting Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#31640 v1

|||||||||||||||||||||||||||||

**04-CV-00960-IFP**

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; BMG MUSIC, a New York general partnership; and VIRGIN RECORDS AMERICA, INC., a California corporation, | No. C04-0960(C)-L [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY |
| Plaintiffs, | |
| v. | |
| DOES 1 - 2, | |
| Defendants. | |

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Microsoft Corporation to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO
TAKE IMMEDIATE DISCOVERY
Page 1

YARMUTH WILSDON CALFO PLLC
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE, WA 98104
T 206 516 3800  F 206 516 3888

1    IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in

2   response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of

3   protecting Plaintiffs' rights under the Copyright Act.

4

5   Dated: _____May 14, 2004_____              _____Mr S. Casmik_____
                                               United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER GRANTING                YARMUTH WILSON CALFO PLLC
PLAINTIFFS' MOTION FOR LEAVE TO                 THE IDX TOWER
TAKE IMMEDIATE DISCOVERY                  925 FOURTH AVENUE, SUITE 2500
                                                  SEATTLE, WA 98104
Page 2                                      T 206 516 3600  F 206 516 3888

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 1 0 2004

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LOUD RECORDS, LLC, a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; PRIORITY RECORDS LLC, a California limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; BMG RECORDINGS, INC, a Delaware corporation; ARISTA RECORDS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; and CAPITOL RECORDS, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1-5, <br><br> Defendants. | NO.  CV-04-0134-RHW <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY** |

Before the Court is Plaintiffs' Motion for Leave to Take Immediate

Discovery (Ct. Rec. 7).  The Plaintiffs, members of the Recording Industry

Association of America, Inc. ("RIAA"), have filed a complaint alleging that DOES

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY * 1

1  1-5 illegally engaged in uploading and downloading copyrighted recordings
2  through www.KaZaA.com, a peer to peer ("P2P") internet service (Ct. Rec. 1).
3  While Plaintiffs are unable to identify the Does, they collected records of
4  Defendants' Internet Protocol ("IP") address, the times the downloads or uploads
5  took place, and information regarding the specific recordings that were
6  downloaded or uploaded. The Plaintiffs were able to ascertain from Defendants'
7  IP addresses that they were utilizing Gonzaga University as their Internet Service
8  Provider ("ISP"). Plaintiffs seek statutory damages under 17 U.S.C. § 504(c),
9  attorneys fees and costs pursuant to 17 U.S.C. § 505, and injunctive relief under
10 17 U.S.C. §§ 502 and 503.
11        In their Motion for Leave to Take Immediate Discovery, the Plaintiffs seek
12 leave to serve Gonzaga University, the ISP for Does 1-5, with a Rule 45 Subpoena
13 Duces Tecum, requiring Gonzaga University to reveal the Defendant's names,
14 addresses, email addresses, telephone number, and Media Access Control
15 ("MAC") addresses.
16        The Ninth Circuit has held that "where the identity of alleged defendants
17 will not be known prior to the filing of a complaint . . . . the plaintiff should be
18 given an opportunity through discovery to identify the unknown defendants,
19 unless it is clear that discovery would not uncover the identities, or that the
20 complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d
21 637, 642 (9th Cir. 1980). Presumably, the discovery device anticipated by this
22 ruling was Rule 45, under which a party may compel a nonparty to produce
23 documents or other materials that could reveal the identities. *See Pennwalt Corp.*
24 *v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983). The Court finds that this
25 instance presents the very situation indicated by *Gillespie*. The Plaintiffs' case
26 relies on the disclosure of the Does' identities, and those identities are likely
27 discoverable from a third party.
28        Under Rule 26(d), Rule 45 subpoenas should not be served prior to a Rule

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY * 2

1    26(f) conference unless the parties can show good cause. Fed. R. Civ. P. 26(d) ("a

2    party may not seek discovery from any source before the parties have conferred as

3    required by Rule 26(f) . . . . [u]nless the court upon motion . . . . orders

4    otherwise"); *see Semitool, Inc. V. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-

5    76 (N.D. Cal. 2002). The Plaintiffs have presented compelling evidence that the

6    records kept by ISP providers of IP addresses are regularly destroyed. Thus, good

7    cause has been shown.

8        Accordingly, **IT IS ORDERED** that:

9        1.    Plaintiffs' Motion for Leave to Take Immediate Discovery (Ct. Rec.

10    7) is **GRANTED.**

11        2.    Plaintiffs are **GIVEN LEAVE** to serve immediate discovery on

12    Gonzaga University to obtain the identity of each Doe Defendant by serving a

13    Rule 45 subpoena duces tecum that seeks each Doe Defendants' name, address,

14    telephone number, email address, and Media Access Control address. As agreed

15    by Plaintiffs, this information disclosed will be used solely for the purpose of

16    protecting their rights under the copyright laws.

17        3.    Plaintiffs are **ORDERED** to review Local Rule 7.1(g)(2) regarding the

18    citation of unpublished decisions. All unpublished decisions cited to the Court

19    have been disregarded.

20        **IT IS SO ORDERED.** The District Court Executive is hereby directed to

21    enter this order and to furnish copies to counsel of record.

22        **DATED** this _10_ day of May, 2004.

23

24

25                  ROBERT H. WHALEY
                   United States District Judge

26

27    Q:\Civil\2004\Loud Records\Loud.immediatediscovery.order.wpd

28

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY * 3

Received 03/30/2004 09:44AM in 02:06 on line [11] for RHARRIS * Pg 2/3

```
                                    FILED            LODGED
                                    RECEIVED         COPY

                                       MAR 3 0 2004

                                    CLERK U S DISTRICT COURT
                                      DISTRICT OF ARIZONA
                                  BY                    DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Interscope Records, et al., | |
|          Plaintiffs, | No. CV-04-131 TUC - JM |
| v. | **ORDER** |
| Does 1 - 4, | |
|          Defendants. | |

Pending before the Court is the Plaintiffs' *ex parte* Motion for Leave to Take Immediate Discovery [Docket No. 2]. Upon consideration of the Motion and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit attached thereto, it is hereby:

ORDERED that Plaintiffs' Motion for Leave to Take Immediate Discovery [Docket No. 2] is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on the University of Arizona to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant;

IT IS FURTHER ORDERED that any information disclosed to Plaintiffs in response to the Rule 45 subpoena shall be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint;



1       IT IS FURTHER ORDERED that, if and when the University of Arizona is served

2   with a subpoena, within five (5) business days thereof it shall give written notice, which can

3   include use of e-mail, to the subscribers whose identities are to be disclosed in response to

4   the subpoena.  If the University of Arizona and/or any Defendant wishes to move to quash

5   the subpoena, they shall do so before the return date of the subpoena, which shall be twenty-

6   five (25) business days form the date of service;

7       IT IS FURTHER ORDERED that, if and when the University of Arizona is served

8   with a subpoena, the University of Arizona shall preserve the data and information sought

9   in the subpoena pending resolution of any timely filed motion to quash;

10      IT IS FURTHER ORDERED that counsel for Plaintiffs shall provide a copy of this

11  Order to the University of Arizona when the subpoena is served.

12      Dated this ___25___ day of March, 2004.

13

14

15                                                                           JACQUELINE MARSHALL

16                                                        UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                      2