

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10  ARISTA RECORDS LLC, a Delaware limited        Civil No.    07cv2357-LAB (POR)
    liability company; ATLANTIC RECORDING
11  CORPORATION, a Delaware corporation;
    BMG MUSIC, a New York general
12  partnership; CAPITOL RECORDS, INC., a
    Delaware corporation; ELEKTRA
13  ENTERTAINMENT GROUP INC., a
    Delaware corporation; FONOVISA, INC., a
14  California corporation; INTERSCOPE
    RECORDS, a California general partnership;
15  LAFACE RECORDS LLC, a Delaware limited
    liability company; MAVERICK RECORDING
16  COMPANY, a California joint venture;
    MOTOWN RECORD COMPANY, L.P., a
17  California limited partnership; PRIORITY
    RECORDS LLC, a California limited liability
18  company; SONY BMG MUSIC
    ENTERTAINMENT, a Delaware general
19  partnership; UMG RECORDINGS, INC., a
    Delaware corporation; VIRGIN RECORDS
20  AMERICA, INC., a California corporation;
    WARNER BROS. RECORDS INC., a
21  Delaware corporation; and ZOMBA
    RECORDING LLC, a Delaware limited
22  liability company,

23                                  Plaintiffs,    **ORDER GRANTING PLAINTIFFS' EX
                                                   PARTE APPLICATION FOR LEAVE
24              v.                                 TO TAKE IMMEDIATE DISCOVERY**

25  DOES 1 - 43,
                                                   **[Doc. No. 3]**
26                                 Defendants.

27        On December 17, 2007, Plaintiffs filed a complaint against the Doe Defendants for copyright

28  infringement, alleging that Defendants, without authorization, used an online media distribution

                                        - 1 -                           07cv2357

Dockets.Justia.com

system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Plaintiffs do not know the names of the Doe Defendants, but have identified each Defendant by a unique Internet Protocol address assigned to that Defendant on the date and time of that Defendant's infringing activity.  Simultaneous to their complaint, Plaintiffs have filed an *Ex Parte* Application seeking leave of the Court to serve immediate discovery on a third party Internet Service Provider ("ISP"), SBC Internet Services, Inc. ("SBC"), to identify the true identities of Doe Defendants. Plaintiffs intend to serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on SBC seeking documents that identify each Defendant's true name, current and permanent addresses and telephone numbers, e-mail addresses, and Media Access Control addresses.

In accordance with Federal Rule of Civil Procedure 26(d), discovery does not commence until parties to an action meet and confer as prescribed by Federal Rule of Civil Procedure 26(f), unless by court order or agreement of the parties.  A court order permitting early discovery may be appropriate "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D.Cal. 2002).

After reviewing Plaintiffs' *Ex Parte* Application to take discovery, the declaration of Carlos Linares, and the accompanying Memorandum of Law, the Court finds good cause to grant Plaintiffs' Application, based on:  (1) the allegations of copyright infringement contained in Plaintiffs' complaint; (2) the danger that SBC will not long preserve the information that Plaintiffs seek; (3) the narrow tailoring of the discovery request so as not to exceed the minimum information required to advance this lawsuit without prejudicing the Defendants; and (4) the Court's finding that the expedited discovery requested will substantially contribute to moving this case forward. Furthermore, without such discovery, Plaintiffs cannot identify the Doe Defendants, and thus cannot pursue their lawsuit to protect their copyrighted works from infringement.  Accordingly, IT IS HEREBY ORDERED:

1.  Plaintiffs may serve immediate discovery on SBC to obtain the identity of each Doe Defendant by serving a subpoena pursuant to Federal Rule of Civil Procedure 45 that seeks information sufficient to identify each Doe Defendant, including the name,

current and permanent addresses and telephone numbers, e-mail addresses, and Media Access Control addresses for each Doe Defendant.

2.    Any information disclosed to Plaintiffs in response to the subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

3.    If SBC and/or the Defendant(s) wish to move to quash the subpoena, they shall do so before the return date of the subpoena. If such a motion is brought, SBC shall nonetheless preserve the information sought in the subpoena pending resolution of such motion.

4.    Plaintiffs shall provide a copy of this Order to SBC when the subpoena is served.

DATED: December 20, 2007

LOUISA S PORTER
United States Magistrate Judge

cc:    The Honorable Larry Alan Burns
All parties

07cv2357